## COMMONWEALTH *vs.* ELIZABETH CARROLL & another.

Suffolk.    Nov. 27, 1876. — Jan. 1, 1877.    COLT & AMES, JJ., absent.

In a criminal case no exception lies to the refusal to give an instruction requested, based upon the jury's believing certain evidence, apart from other evidence, when the evidence which they are asked to believe is consistent equally with the guilt and innocence of the defendant.

INDICTMENT against Elizabeth Carroll and Silas B. Chamberlain, containing four counts. The first count charged that the defendants, at Boston, on May 1, 1875, " did falsely make, alter,

forge and counterfeit a certain deed," namely a discharge of a mortgage, purporting to be signed by Samuel F. Bachelder, "with intent thereby to injure and defraud." The second count was for uttering the same. The third count was for forging the certificate of a justice of the peace, that the discharge was acknowledged by Bachelder. The fourth count was for uttering the same.

At the trial in the Superior Court, before *Aldrich,* J., the jury found the defendant Chamberlain guilty on the first and third counts, and not guilty on the others ; and also found the defendant Carroll guilty on the second and fourth counts, and not guilty on the others ; and the judge allowed a bill of exceptions in substance as follows :

It appeared that the defendant Carroll had, on December 10, 1874, given a mortgage to Samuel F. Bachelder to secure the payment of $525, and that the alleged forged discharge purported to discharge such mortgage.

Bachelder testified that the discharge was a forgery, and that he never acknowledged the same, and that the note secured by the mortgage had not been paid, and was still in his possession, and that he had never intentionally surrendered the mortgage. There was evidence tending to show that there was no such justice of the peace as the signature to the acknowledgment indicated ; and that the name signed as witness was also fictitious.

It also appeared that the defendant Carroll, in April, 1875, applied to the Union Institution for Savings for a loan upon the property mortgaged to Bachelder. The examiner for the bank found the Bachelder mortgage discharged upon the records, and as the discharge was supposed to be genuine and valid, $800 was lent by the bank to the defendant Carroll, the bank taking as security a mortgage from Carroll on the property. The forged discharge came to the register of deeds for Suffolk County by mail, and accompanied by a letter, which letter was destroyed ; and upon its receipt the discharge was recorded by the register, he supposing it to be genuine.

The defendant Carroll introduced evidence tending to show that she had paid the amount of the Bachelder mortgage before she applied to the savings bank for a loan, and that when she

paid him he gave her up the mortgage and the insurance policy, and that she supposed such act was a discharge of the mortgage; and that she never knew anything about the forged discharge. It appeared that she could not write.

Each defendant requested the judge to instruct the jury that, if they believed that, if the defendant Carroll had paid Bachelder the amount of his mortgage (and that she received the papers back, supposing that operated as a discharge of the mortgage,) the jury could not find either defendant guilty. The judge declined so to rule, but instructed the jury, that although they might believe that the defendant Carroll had paid the mortgage note and received back the papers, as she claimed, still if they believed, upon the evidence, that the discharge was falsely made by the defendants in the name of Bachelder, the mortgagee, without his knowledge and consent, and for the fraudulent purpose of inducing the savings bank to grant a loan to Carroll and take as security a mortgage on the property covered by the Bachelder mortgage, they would be authorized to convict the defendants, even though they should find that Carroll had paid the note secured by the last-named mortgage; and that the fact, if they should find such to be the fact, that Carroll's note to Bachelder had been paid, would not render the false making of the certificate, of what purported to be Bachelder's acknowledgment of his execution of the discharge of his mortgage with intent to defraud, any the less a forgery.

Full and appropriate instructions, not objected to, were given to the jury, by the judge, as to what constitutes forgery and the criminal issuing or utterance of forged instruments and certificates, and as to the right and power of the jury, according as they should find the proofs to be, to convict or acquit both or either of the defendants on the several counts of the indictment. The defendants alleged exceptions.

*L. M. Child,* for Carroll.

*P. H. Hutchinson,* for Chamberlain.

*C. R. Train,* Attorney General, for the Commonwealth.

LORD, J. The instructions which the defendants asked were properly refused. The request was based upon the belief by the jury of certain facts, entirely independent of all other facts and influences. Amid a mass of testimony, it is not the right of

a party to have instructions given based upon one or several of the facts as if there were no other facts in the case, which may be essentially modified or controlled by other evidence. The existence of the facts upon which the request for instructions was made is consistent with either the guilt or the innocence of the defendants. The presiding judge gave full, accurate and appropriate instructions upon the whole subject, embracing as well the facts stated in the defendants' prayer for instruction as all the other facts of the case. The exceptions must therefore be overruled, and the case stand in the Superior Court for such judgment, if any, as that court is authorized to render.

*Exceptions overruled.*